```
                                              ☑ FILED      ___ LODGED
                                              ___ RECEIVED ___ COPY

                                                  AUG 11 2008

                                              CLERK U S DISTRICT COURT
                                                DISTRICT OF ARIZONA
                                              BY_____ M DEPUTY
```

1  Walter Heyert
   Jane C. Heyert
2  41 Remuda Rd.
   Sedona, Arizona 86336
3  Telephone: 928-554-4035
   Facsimile:

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA – PRESCOTT DIVISION

CIV '08 8095 PCT-MHB

| | |
|---|---|
| Walter Heyert, an individual, and Jane C. Heyert, an individual | Case No.: _____ |
| Plaintiffs, | Assigned for all purposes to the Honorable _____ |
| vs. | **COMPLAINT FOR RESCISSION, DAMAGES, AND JURY TRIAL DEMAND** |
| LEHMAN BROTHERS BANK, FSB, AURORA LOAN SERVICES, LLC, a Delaware Corp., Structured Asset Securities Corporation, a Delaware Corp., Quality Loan Service Corporation-AZ, a California Corp. John and Jane DOES 1 THROUGH 10, | |
| Defendants. | |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

### I. Preliminary Statement

1. Plaintiffs Walter Heyert and Jane C. Heyert, (hereinafter "Plaintiff" or "Plaintiffs"), bring this action against LEHMAN BROTHERS BANK, FSB, AURORA LOAN SERVICES, Structured Asset Securities Corp., Quality Loan Service Corp.-AZ, and John and Jane Does 1 – 10 as follows:

    a. To give effective notice and enforce a rescission;

    b. For reimbursement of all fees and costs paid in a consumer credit transaction pursuant to violations of the Truth in Lending Act, 15 U.S.C. §§

1601 *et seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z); and

 c. To rescind and cancel a deed of trust security interest.

2. A rescission action may be brought against an *assignee*, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

3. All claims amount to a serious breach of Defendants' duties and obligations under federal law and will result in an irregular and wrongful forced sale foreclosure if not enjoined.

4. Plaintiffs also seek declaratory and injunctive relief to further restrain Defendants under Arizona Revised Statutes Annotated ("ARS") §§ 44-1521 *et seq.*, common law fraud, misrepresentation and deceit, against Defendants herein. All such Arizona state law claims are properly asserted under this Court's pendent or supplemental jurisdiction.

5. The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to *enforce contractual obligations* in a non-judicial foreclosure and the Plaintiffs are in an affirmative or defensive position asserting a rescission claim under TILA; Reg. Z, and asserting other statutory relief under state law for common law fraud, misrepresentation or deceit, etc., and for any claims in recoupment and set-off against all Defendants.

## II. Parties

6. Plaintiffs Walter Heyert and Jane C. Heyert married for over forty-three years are both a consumer and a natural person as that term is defined under 15 U.S.C. § 1602(h) and ARS § 44-1521. Plaintiffs have rights as a citizen domiciled here in Arizona, they are both the owners of the *principal dwelling* known as 41 Remuda Road, Sedona, Arizona 86336 (hereinafter the "Property") and at all times relevant and material hereto, reside on the Property as their family home.

7. Defendant LEHMAN BROTHERS BANK, FSB, (hereinafter "LBB"), is a

federal savings bank organized and existing under the laws of the United States. LBB regularly does business with minimum contacts in the State of Arizona as an originator of mortgage loans. This Defendant is creditor as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement. LBB may be served with service of process by serving the Officer in Charge at, Lehman Brothers Bank, FSB, 745 Seventh Ave., New York, New York 10019 and its statutory agent c/o PRENTICE-HALL CORP SYSTEM, 2338 West Royal Palm Rd., Suite J, Phoenix, Arizona 85021.

8. Defendant AURORA LOAN SERVICES, (hereinafter "Aurora") is a Delaware Corp. and a wholly owned subsidiary of LBB. This Defendant engages in the practice of securitization of conventional federally related mortgage loans sold onto the secondary mortgage market whereby Aurora accepts assignments as a Servicer pursuant to a Master Pooling and Servicer Contract. Aurora may be considered a functional creditor or, alternatively, is a Servicer strictly for administrative purposes subject to the Real Estate Settlement Procedures Act. Defendant Aurora is not a real party in interest unless it claims a pecuniary interest. However, this Defendant is joined and needed for just adjudication. Aurora may be served with process by serving the Officer in Charge c/o, AURORA LOAN SERVICES, Craig Wildrick, CEO, 10350 Park Meadows Drive, Littleton, Colorado 80124 and by serving its statutory agent c/o Corporation Service Co., 2338 West Royal Palm Rd., Suite J, Phoenix, Arizona 85021.

9. Structured Asset Securities Corp., a Delaware Corp. (hereinafter "SASC") is an affiliate of Lehman Brothers Holdings, Inc. SASC is the designated owner of the obligation named by Aurora in one of the foregoing Exhibits herein below. According to its 10-K filing duly registered with the Securities Exchange Commission, SASC is the registrant and Depositor of the securities issued by

Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-6, and sponsored by Lehman Brothers Holdings, Inc. SASC is an assignee joined and needed for just adjudication. This Defendant may be served with process by serving the Officer in Charge c/o Structured Asset Securities Corp., 745 Seventh Ave., New York, New York 10019, and by serving the statutory agent for Lehman Brothers Holdings, Inc., c/o PRENTICE-HALL CORP SYSTEM, 2338 West Royal Palm Rd., Suite J, Phoenix, Arizona 85021.

10. Quality Loan Service Corp.-AZ is a foreign corporation duly registered in California and doing business in Arizona as a licensed escrow agent. This Defendant is the current designated Trustee and beneficiary of the enforcement instrument, substituted as nominee for LBB. This Defendant is joined and needed for just adjudication and may be served with process by serving the Officer in Charge c/o Quality Loan Service Corp.-AZ, Kevin McCarthy CEO, 2141 5th Ave., San Diego, California 92101 and by serving the statutory agent c/o CT CORPORATION SYSTEM, 2394 Camelback Rd., Phoenix, Arizona 85016

11. Defendants John and Jane Does 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiffs. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

12. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiffs' state law claims because Plaintiffs claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent

jurisdiction.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, including unlawful communications of Defendants' defiance to seek judicial guidance are in this district, and Defendants' business practices are within the forum state of Arizona.

## IV. Conditions Precedent

14. All conditions precedent have been performed or have occurred, and TILA; Reg. Z violations may be asserted affirmatively and defensively due to the non-judicial foreclosure and as a recoupment or set-off under 15 U.S.C. § 1640(e). The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000)

15. Plaintiffs have standing as of the date of the credit contract and where the credit contract is a federally related mortgage transaction governed by TILA; Reg. Z.

## V. Statement of Facts Material to the Transaction

16. The original application, incorporated fully herein attached hereto as EXHIBIT 1, and federally related mortgage transaction at the root of this case was closed on or about March 7, 2007 (the "Closing")

17. Plaintiffs entered into a mortgage loan transaction (hereinafter the "Transaction") to consolidate and refinance a previous mortgage loan whereby both Plaintiffs maintained an ownership interest in their home.

18. The Transaction includes a deed of trust securing such Note covering the Property, then and now the *principal dwelling* and home of the Plaintiffs

19. At the purported Closing, Plaintiffs entered into said Transaction with Defendant LBB as the Lender and were provided with documents material to this case, copies incorporated fully herein, identified as the following Exhibits:

    a. A Note, EXHIBIT 2

    b. A Deed of Trust security instrument, EXHIBIT 3

COMPLAINT FOR RESCISSION, DAMAGES, & JURY TRIAL DEMAND

  c. An Interest – Only Addendum to amend the Note, EXHIBIT 4

  d. One (1) Truth in Lending Disclosure Statement, EXHIBIT 5

  e. A Fee Schedule, EXHIBIT 6

  f. One (1) Notice of Right to Cancel, EXHIBIT 7

20. The Transaction required Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

21. The security interest was not created to finance the acquisition or initial construction of the Plaintiffs' Property and paid off multiple consumer debts.

22. The Transaction is characterized as a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

23. The Transaction is characterized as a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10) where a security interest was retained in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") acting as a nominee for Lender and Lender's successors and assigns and as the beneficiary.

24. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

25. The material documents specifically identified as Plaintiffs' EXHIBIT 1 through 7 above all failed in one or more material respects to disclose to the Plaintiffs in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

26. Plaintiffs have maintained all material closing documents securely at their home and will disclose and provide any other relevant documents in good faith upon request.

27. Specifically, EXHIBIT 5 and 7 is exactly comprised of the one (1) total copy of Notice of Right to Cancel, and one (1) Truth in Lending Disclosure Statement provided in a form Plaintiffs may retain.

28. The Notice of Right to Cancel, EXHIBIT 7, retained by Plaintiffs, though

– 6 –
COMPLAINT FOR RESCISSION, DAMAGES, & JURY TRIAL DEMAND

signed, specifies an acknowledgment of receiving two copies of Notice of Right to Cancel.

29. Plaintiffs have examined all Closing material documents thoroughly and such acknowledgment is patently false.

30. Plaintiffs will provide under oaths statements exactly as indicated herein if called upon to give testimony.

31. Further, Plaintiffs also only received the one (1) copy of a Truth in Lending Disclosure Statement naming Plaintiff Walter Heyert even though his wife for forty-three years also has ownership interest, is entitled to all material disclosures and substantive rescission rights.

32. LBB ratified this transaction with ineffective Notice of Right to Cancel and an ineffective Truth in Lending Disclosure Statement knowing that the original application was for a married couple both having ownership interest.

33. LBB knew or should have known that they were not in possession of documents sufficient to sustain that Plaintiffs were provided sufficient copies each of Notice of Right to Cancel, and Truth in Lending Disclosure Statements.

34. Plaintiffs have a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right of Rescission and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a), and the three-day right is statutorily extended due to the foregoing *material* failures above.

35. On or about July 15, 2008 Plaintiffs sent a Rescission Notice and qualified written request ("QWR") as that term is defined under 12 U.S.C. § 2605(e)(1)(B) to all known interested Parties, Defendants LBB and Aurora, copies attached hereto and incorporated as if fully stated herein by reference as Plaintiffs' EXHIBIT 8 respectively.

36. The QWR also provided for Actual Notice to Rescind the Transaction subject to TILA; Reg. Z, requested a full accounting under the purported collateral

instruments so that Plaintiffs may tender, and surrendered the value of the Property.

37. Aurora answered Plaintiffs' QWR and refused to honor Plaintiffs' valid rescission as indicated in their responses dated August 1, 2008 copy attached hereto and incorporated herein by reference as Plaintiffs' EXHIBIT 9.

38. LBB and Aurora are required under Reg. X, 24 C.F.R. § 3500.21(e)(2)(ii) to treat Plaintiffs' inquiry as a QWR when they are the Servicer or the originator, when the QWR is delivered within one year prior to relinquishing Servicer rights.

39. LBB utterly failed to answer Plaintiffs' QWR and effectively refused to honor Plaintiffs valid rescission as indicated herein.

40. Defendants' responses are unlawful, negligent, and intentionally refuses to honor our valid rescission

41. Defendants collectively have failed to timely seek judicial guidance and fully comply with Plaintiff's QWR and application to rescind the Transaction.

42. Each of the responses and omissions imposed by these Defendants induces such confusion as to source and sponsorship with respect to services and applicable statutes. The responses are intentionally unfair and deceptive.

43. A controversy has arisen due to Defendants failure to credit all previous payments so that Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

44. As of this date, all Defendants have been made aware of the TILA violations and their duty to comply with the requirements set forth by RESPA.

45. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiffs.

## VI. Claims for Relief

**Count 1 – Failure to Rescind under TILA; Reg. Z Against LBB and Aurora**

46. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

47. As a result of Defendants failure to provide accurate *material* disclosures correctly with a proper Notice of Right of Rescission described above, Plaintiffs are entitled and have exercised their right of rescission of the Transaction.

48. Rescission of the Transaction extinguishes any liability Plaintiffs have to Defendants for finance or other charges arising from the Transaction.

49. Defendants' failure to take any action to reflect the termination of the security interest in the Property within twenty (20) days of rescission of the Transaction or seek judicial guidance releases Plaintiff from any liability whatsoever to Defendants arising from the Transaction.

50. Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

51. Defendants had twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest or seek judicial guidance, and Defendants have failed in their obligation to perform this duty and make a tender offer.

52. The Defendants have ignored the rescission notice and forfeited their right to receive any tender amount whereby the property implicitly vests in the Plaintiffs.

53. Defendants performance is a condition precedent to Plaintiffs' duty to tender and failure to respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

54. Any further acts to enforce an invalid security instrument and impose finance charges are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants obligations. Such acts violate TILA; Reg. Z, and are contrary to the explicit statutory requirements and contract between the parties.

55. Defendants have proceeded to unlawfully impose finance charges, and unlawfully continue with a foreclosure proceeding.

56. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiffs

57. Said acts entitles Plaintiffs to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee.

## Count 2 – TILA Against LBB and SASC

58. The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiffs as a result.

59. The TILA disclosure statements, all documents issued and requested by Plaintiffs in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects

   a. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b),
   b. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1),
   c. By failing to provide effectively the required number of Notice of Right to Cancel under 15 U.S.C. § 1635 and Reg. Z § 226.23(b),
   d. By failing to provide effective *material* disclosures under 15 U.S.C. § 1602(u) and Reg. Z § 226.23(a)n.48

## Count 3 – Arizona Revised Statutes §§ 44-1521 *et seq.* Against All Defendants

60. Plaintiffs re-allege and incorporate herein by reference Counts 1, 2, and the allegations set forth above.

61. Plaintiffs bring this action as a private attorney general acting on their own behalf, pursuant to ARS §§ 44-1521 *et seq.*, (the Arizona Consumer Fraud Act or "ACFA").

62. Plaintiffs are acting in this capacity to remedy the ongoing unlawful, unfair and

fraudulent business practices alleged herein, and to seek injunctive relief and restitution on their behalf as being affected thereby.

63. The foregoing acts and omissions of the Defendants affect trade and commerce, and affect merchandise as this term is defined under ARS §§ 44-1521 *et seq.*

64. The ACFA defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violations of the ACFA

65. Beginning on the dates indicated on all EXHIBITS 1 through 10, and at all times relevant herein, Defendants and the Doe Defendants have committed acts of unfair competition proscribed by the ACFA including the practices alleged herein against Plaintiffs.

66. Prior to the filing of the complaint in this action, and continuing thereafter, Defendants have systematically violated the provisions of TILA, Reg. Z, the Transaction, the contract between the parties, and to such extent as to induce confusion of source, sponsorship of services, and rescission rights of Plaintiffs.

67. These violations are and were a matter of Defendants standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

68. The business acts and practices of Defendants, as hereinabove alleged, constitute "unlawful" business practices under ACFA in that, for the reasons set forth above, said acts and practices violate the provisions of TILA; Reg. Z, RESPA, the Transaction, and contract between the parties.

69. The business acts and practices of Defendants, as hereinabove alleged, constitute "unfair" business practices under ACFA in that said acts and practices offend *public policy* and are substantially injurious to the Plaintiffs and all consumers. Said acts and practices have no utility that outweighs their substantial harm to the Plaintiffs, consumers, and potential homeowners.

70. In the course of this Transaction, each Defendant made one or more misrepresentations and/or failed to make accurate representations and/or failed to

provide material information about the Transaction as set forth more fully above.

71. Specifically Defendants processed and ratified the Transaction, substantially amended *material* disclosures under TILA, failed to apply rescission under TILA, failed to properly provide *material* disclosures, failed to seek judicial guidance, failed to comply with the contract between the parties, failed to comply with substantive law of conveyance, and failed to comply with statutory good faith and fair dealing.

72. Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiffs would rely thereon.

73. Said misrepresentations and failure to make accurate representations were material to the Transaction from origination to present.

74. Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiffs relied thereon by sending a QWR, Rescission Notice, and filing this claim.

75. Plaintiffs did reasonably rely as specified in these factual allegations.

76. Plaintiffs were thereby damaged and have a substantial ascertainable loss.

77. The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under ACFA in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents and concealment, may preclude consumers from exercising legal rights to which they are entitled.

78. The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and the Plaintiffs in that Defendants and the Doe Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

79. Pursuant to the ACFA Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants credit the Transaction and provide appropriate restitution to the

Plaintiff.

80. Plaintiffs seek recovery of attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to the ACFA and any other applicable law.

## VII – Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA; Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), 1641(c), and ACFA, Plaintiffs pray for judgment against Defendants as follows:

1. Rescission of this Transaction,

2. Termination of any security interest in Plaintiffs' property created under the Transaction,

3. Order Defendants to return any money or property given by the Plaintiffs to anyone, including all Defendants, in connection with this Transaction,

4. Statutory damages of $2,000 for the disclosure violations,

5. Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' valid rescission notice,

6. Forfeiture of return of loan proceeds,

7. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a non-judicial foreclosure proceeding on the Plaintiffs' Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps to deprive Plaintiffs of ownership of the Property,

8. Order that, if Defendants fail to further respond lawfully to this claim and Plaintiffs' notice of rescission, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in

– 13 –
COMPLAINT FOR RESCISSION, DAMAGES, & JURY TRIAL DEMAND

light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time,

9. Statutory Damages as provided for ACFA violations,

10. Reasonable attorney fee and costs of suit,

11. Actual damages in an amount to be determined at trial,

12. For such other and further relief as the Court may deem just and proper.

Dated: August 11, 2008

By: *Walter Heyert*
Walter Heyert
41 Remuda Rd.
Sedona, Arizona 86336
Telephone: 928-554-4035